635 S.E.2d 669

**The STATE, Respondent,**

v.

**Eddie GEIGER, Appellant.**

**No. 4151.**

Court of Appeals of South Carolina.

Submitted Sept. 1, 2006.

Decided Sept. 25, 2006.

602

Assistant Appellate Defender Tara S. Taggart, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R.J. Shupe, and Solicitor Warren B. Giese, all of Columbia, for Respondent.

ANDERSON, J.:

Eddie Geiger (Geiger) was convicted of assault with intent to commit first degree sexual conduct (ACSC) and sentenced to life imprisonment without parole. Geiger appeals, arguing the trial court erred in refusing his request to charge the jury with assault and battery of a high and aggravated nature (ABHAN) as a lesser included offense. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

In the early morning hours of January 31, 2003, Annie J. placed a 911 call reporting she had been sexually assaulted in her home. The responding law enforcement officials and emergency medical technicians arrived at the abode to find the nearly seventy-year-old woman recently battered and cut, very frightened and with blood on her face. Geiger's driver's license was found on the coffee table and his clothing was discovered in the bathroom. Before being sent to the hospital, Annie J. identified Geiger as her assailant.

Geiger was arrested and indicted for ACSC. At trial, Annie J. detailed the evening's events, albeit at times she was somewhat difficult to decipher, her speech slurred from an earlier stroke. She testified that Geiger was an acquaintance of her son's and had been in her house on several previous occasions. Although Geiger's appearance at her home was uninvited on this particular evening, she had voluntarily allowed him inside. Annie J. averred that, at his request, she provided Geiger with a liquor drink. She did not imbibe. In recounting her attack, Annie J. said after excusing himself to the bathroom, Geiger returned naked and brandishing her pistol. Although at times in her testimony, Annie J. seemed uncertain as to the exact location and chronology of the events, she unequivocally described Geiger's behavior and acts against her. She stated that Geiger demanded she give him money, slapped her in the head repeatedly, put the gun to her head, put his penis in her mouth, and attempted to force her legs apart to have sexual intercourse with her. She asseverated she was able to prevent him from penetrating her and that,

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

after the physical attack ended, Geiger searched her home for money and then left.

The emergency personnel responding to Annie J.'s telephone call described the victim as being very frightened and upset and recounted that her home was in a state of disarray. The sexual assault nurse who treated her at the hospital opined that Annie J.'s injuries were consistent with her description of the events. DNA tests conclusively indicated the clothes found in the bathroom had been worn by Geiger.

Geiger did not testify in his own defense. He called no witnesses, but limited his defense to cross-examination of the prosecution's witnesses.

At the close of the evidence, Geiger's attorney requested a charge of ABHAN. The circuit court refused the inclusion of the lesser charge, stating the record was devoid of evidence that Geiger committed ABHAN rather than ACSC. The jury found Geiger guilty of ACSC.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 625 S.E.2d 216 (2006); *State v. Wood,* 362 S.C. 520, 608 S.E.2d 435 (Ct.App.2004); *State v. Mattison,* 352 S.C. 577, 575 S.E.2d 852 (Ct.App.2003). On appeal, we are limited to determining whether the trial judge abused his discretion. *State v. Reed,* 332 S.C. 35, 503 S.E.2d 747 (1998); *State v. Walker,* 366 S.C. 643, 623 S.E.2d 122 (Ct.App.2005); *State v. Bowie,* 360 S.C. 210, 600 S.E.2d 112 (Ct.App.2004). In order for an error of law to warrant reversal, the error must result in prejudice to the appellant. *State v. Patterson,* 367 S.C. 219, 625 S.E.2d 239 (Ct.App.2006); *see State v. Beck,* 342 S.C. 129, 536 S.E.2d 679 (2000); *State v. Wyatt,* 317 S.C. 370, 453 S.E.2d 890 (1995).

This Court is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Quattlebaum,* 338 S.C. 441, 527 S.E.2d 105 (2000); *Patterson,* 367 S.C. at 224, 625 S.E.2d at 241; *State v. Landis,* 362 S.C. 97, 606 S.E.2d 503 (Ct.App.2004). We do not reassess the facts based on our own view of the preponderance of the evidence but simply determine whether the trial judge's ruling is supported by any evidence. *State v. Wilson,* 345 S.C. 1, 545 S.E.2d 827 (2001);

*State v. Mattison,* 352 S.C. 577, 575 S.E.2d 852 (Ct.App.2003). This Court should examine the record to determine whether any evidence supports the trial court's ruling. *See Wilson,* 345 S.C. at 6, 545 S.E.2d at 829; *State v. Davis,* 364 S.C. 364, 613 S.E.2d 760 (Ct.App.2005); *Mattison,* 352 S.C. at 583, 575 S.E.2d at 855.

## LAW/ANALYSIS

### I. ABHAN as a Lesser Included Offense of ACSC

On appeal, Geiger argues the trial court erred in failing to charge ABHAN as lesser included offense of ACSC. Specifically, Geiger contends the evidence presented at trial supported an inference that he was guilty solely of the lesser included crime. We disagree.

Geiger was convicted of assault with intent to commit criminal sexual conduct. S.C.Code Ann. § 16–3–652 (2003) provides:

(1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:

(a) The actor uses aggravated force to accomplish sexual battery.

(b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

Sexual battery is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes." S.C.Code Ann. § 16–3–651(h) (2003).

ABHAN is "an unlawful act of violent injury accompanied by circumstances of aggravation." *State v. Primus,* 349 S.C. 576, 580, 564 S.E.2d 103, 105 (2002). As an element of ABHAN, circumstances of aggravation include, *inter alia,* the use of a deadly weapon, intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or

physical conditions of the parties, difference in gender, taking indecent liberties or familiarities with a female, purposeful infliction of shame and disgrace, and resistance to lawful authority. *State v. Frazier*, 302 S.C. 500, 397 S.E.2d 93 (1990); *State v. Tyndall*, 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct.App.1999); *State v. Murphy*, 322 S.C. 321, 471 S.E.2d 739 (Ct.App.1996).

■ ABHAN is a lesser included offense of ACSC, notwithstanding that technically ACSC does not contain all of the elements of ABHAN. *State v. Elliott*, 346 S.C. 603, 606, 552 S.E.2d 727, 728 (2001), *overruled in part on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); *State v. Drafts*, 288 S.C. 30, 340 S.E.2d 784 (1986). Under the elements test, a crime will only be considered a lesser offense if the greater crime encompasses all of the elements of the lesser. *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998). However, we have recognized limited exceptions where an offense has traditionally been considered a lesser included offense of the greater. Noting that ABHAN was historically considered a lesser included offense to ACSC's predecessor, assault with intent to ravage, the supreme court has expressly held ABHAN to be a lesser included offense of ACSC. *Elliott*, 346 S.C. at 606, 552 S.E.2d at 728; *Drafts*, 288 S.C. at 30, 340 S.E.2d at 784.

## II. Charging Lesser Included Offenses

■ While upon indictment for a greater offense a trial court has the requisite jurisdiction to charge and convict a defendant of any lesser included offense, *see Browning v. State*, 320 S.C. 366, 465 S.E.2d 358 (1995), *overruled in part on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); *State v. Patterson*, 337 S.C. 215, 233, 522 S.E.2d 845, 854 (Ct.App.1999); *Tyndall*, 336 S.C. at 21, 518 S.E.2d at 285, a lesser included offense instruction is required only when the evidence warrants such an instruction. *State v. Mitchell*, 362 S.C. 289, 301, 608 S.E.2d 140, 143 (Ct.App.2005); *State v. Coleman*, 342 S.C. 172, 175 536 S.E.2d 387, 389 (Ct.App.2000). "The law to be charged is determined by the evidence **presented** at trial." *State v. Gourdine*, 322 S.C. 396, 398, 472 S.E.2d 241 (1996) (emphasis added); *accord, State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct.App.2004); *State v.*

*Todd,* 290 S.C. 212, 214, 349 S.E.2d 339, 341 (1986). To justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense. *See Tyndall,* 336 S.C. at 22, 518 S.E.2d at 285. The court looks to the totality of evidence in evaluating whether such an inference has been created. *See id.* (in deciding whether the evidence tended to show the defendant was guilty of the lesser included offense, the court looked at the "reasonable inference[s] to be drawn from the totality of the evidence"). The trial court should refuse to charge the lesser included offense when there has been no evidence tending to show the defendant may have committed solely the lesser offense. *State v. Tucker,* 324 S.C. 155, 478 S.E.2d 260 (1996); *State v. Smith,* 315 S.C. 547, 446 S.E.2d 411 (1994).

 Geiger recites the well established rule that, "[t]he trial judge is to charge a jury on a lesser included offense if there is any evidence from which it could be inferred that the lesser, rather than the greater, offense was committed." *State v. Watson,* 349 S.C. 372, 375, 563 S.E.2d 336, 337 (2002); *Gourdine,* 322 S.C. at 398, 472 S.E.2d at 241; *accord Brightman v. State,* 336 S.C. 348, 350–351, 520 S.E.2d 614 615 (1999); *State v. Mathis,* 287 S.C. 589, 594, 340 S.E.2d 538, 541 (1986). Conversely, "[a] lesser included offense instruction is required only when the evidence warrants such an instruction, and it is not error to refuse to charge the lesser included offense unless there is evidence tending to show the defendant was guilty only of the lesser offense." *Tyndall,* 336 S.C. at 21, 518 S.E.2d 278, 285; *accord State v. White,* 361 S.C. 407, 412, 605 S.E.2d 540, 543 (2004); *State v. Cooney,* 320 S.C. 107, 112, 463 S.E.2d 597, 600 (1995); *Murphy,* 322 S.C. at 326, 471 S.E.2d at 741.

In *State v. Patterson,* 337 S.C. at 233, 522 S.E.2d at 854, the court edified: "[i]n order to justify a charge of a lesser included offense, the evidence must be capable of sustaining either the greater or the lesser offense, depending on the jury's view of the facts." *See Tyndall,* 336 S.C. at 21–22, 518 S.E.2d at 285; *State v. Small,* 307 S.C. 92, 94, 413 S.E.2d 870, 871 (Ct.App.1992). The rule is articulated with exactitude in *Dempsey v. State*: "A judge is required to charge a jury on a lesser-included offense 'if there is any evidence from which it could be inferred the lesser, rather than the greater, offense

was committed.' " 363 S.C. 365, 371, 610 S.E.2d 812, 815 (2005) (emphasis omitted from the original) (quoting *Gourdine,* 322 S.C. at 398, 472 S.E.2d at 242).

### III. Application in the Case *Sub Judice*

 Geiger contends the evidence presented at trial was sufficient to support an ABHAN instruction. In furtherance of this position, he professes that the victim's testimony was "curious," opining it would be unlikely for Annie J. to have invited him into her home for late night "Biblical talk" and a drink of vodka. Implicitly, he asserts: (1) her age and medical history may have impaired her ability to recount the events of the evening in question and (2) Annie J.'s testimony exposed some confusion as to the chronological order and exact room where certain events during the attack occurred. Geiger admits the state presented considerable evidence showing that he was in Annie J.'s home at the time she was assailed; however, he advances the position that no forensic evidence of sexual assault was ever produced.

 The mere contention that the jury might accept the State's evidence in part and reject it in part is insufficient to satisfy the requirement that some evidence tend to show the defendant was guilty only of the lesser offense. *See State v. Funchess,* 267 S.C. 427, 229 S.E.2d 331 (1976) ("the [p]resence of evidence to sustain the crime of a lesser degree determines whether it should be submitted to the jury and the 'mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice.' ") (quoting *State v. Hicks,* 241 N.C. 156, 159–160, 84 S.E.2d 545, 547 (1954)); *see also Tyndall,* at 22, 518 S.E.2d at 285 (possibility that the jury might have disbelieved the State's evidence as to the circumstances of aggravation and on the remaining evidence found the defendant guilty of simple assault and battery did not entitle the defendant to have the lesser offense submitted to the jury where there was no evidence tending to show defendant was guilty only of simple assault and battery); *State v. Rucker,* 319 S.C. 95, 98–99, 459 S.E.2d 858, 860 (Ct.App.1995) (contention that the jury might have disbelieved the State's evidence as to the circumstances of aggravation and on the remaining evidence found appellant guilty of the lesser offense of simple assault and battery did not entitle her

to have the lesser offense submitted to the jury where appellant presented no evidence she committed some act that could be viewed by the jury as a simple assault); *State v. Hartley,* 307 S.C. 239, 241–42, 414 S.E.2d 182, 184 (Ct.App.1992) (where there was no evidence that showed defendant killed victim without malice, trial judge did not err in refusing to charge the jury on the crime of manslaughter as a lesser-included offense of the crime of murder); *State v. Foxworth,* 269 S.C. 496, 499, 238 S.E.2d 172, 173 (1977) (possibility that the jury might have disbelieved the State's evidence as to the circumstances of aggravation in ABHAN trial and on the remaining evidence found defendant guilty of the lesser offense of simple assault and battery did not entitle him to have the lesser offense submitted to the jury where all the evidence admitted at trial pointed to the appellant's guilt of assault and battery of a high and aggravated nature).

The supreme court's analysis in *Dempsey v. State* is particularly instructive. 363 S.C. 365, 610 S.E.2d 812 (2005). In appealing his conviction for sexually assaulting his stepson, Dempsey asserted, *inter alia,* that the evidence warranted having ABHAN charged to the jury. At trial, the victim testified that on multiple occasions Dempsey forced him to perform various sexual acts. Additionally, the victim and his aunt both gave testimony as to occasions when Dempsey acted violently toward the victim. In holding an ABHAN charge was not required, the supreme court found there was no evidence from which it could be inferred that ABHAN rather than ACSC was committed. The court reasoned that while there was evidence of conduct that could be construed as ABHAN, none of the incidents was alleged to have occurred instead of the sexual batteries. *Id.*

In *State v. Fields* our court addressed a similar factual and legal scenario with academic precision. 356 S.C. 517, 589 S.E.2d 792 (Ct.App.2003). The victim testified that Fields used a combination of trickery, threats, and physical force to get her into an abandoned house, where, once inside, he threw her about the structure, ordered her to perform sexual acts, and forced her to have intercourse. In addition to the victim's testimony, the prosecution presented expert testimony that her injuries were consistent with someone who had been sexually assaulted and that semen found in her underwear

matched that of the defendant. Fields, who did not testify or present any evidence on his own behalf, was convicted of criminal sexual conduct. On appeal he argued the jury could reasonably have found the sex consensual by disbelieving a portion of the victim's testimony and that he was therefore entitled to jury instructions on ABHAN. The court concluded the mere contention the jury might have disbelieved the State's evidence that the sex was forced and on the remaining evidence found him guilty of ABHAN did not entitle Fields to have the lesser charge submitted to the jury. Although recognizing that at trial the defense counsel suggested the sex was willful, the court nonetheless found the record devoid of any evidence tending to show Fields guilty only of ABHAN, noting that both the victim's testimony of her assault and the attending physician's opinion that her injuries indicated non-consensual sex were uncontested. *Id.*

Geiger relies upon two cases, *State v. Gourdine*, 322 S.C. 396, 472 S.E.2d 241 (1996), and *State v. Mathis*, 287 S.C. 589, 340 S.E.2d 538 (1986), which can be clearly distinguished from the case at hand. In *Mathis*, the defendant was charged with the crime of criminal sexual conduct (CSC) in the first degree for engaging in sexual battery with a victim less than eleven years old (assault with intent to commit CSC was not charged). At trial, the victim testified the defendant touched her with his penis, but also stated she could not remember if he ever put it inside her. The greater crime, CSC, required some "intrusion, however slight" of the victim. See S.C.Code Ann. § 16-3-651(h) (2003). Thus, the victim's uncertainty on this issue served as evidence on which a jury could find the defendant committed the lesser, rather the greater, offense. In *Gourdine*, the greater crime at issue, armed robbery, required use of a deadly weapon. At trial, three different witnesses testified that a BB gun, water gun, toy, or fake gun was used in the commission of the robbery, which the court held was sufficient evidence from which the jury could have found the lesser crime of strong arm robbery had been committed.

The trial record in the case at bar contains no evidence tending to show Geiger may have assaulted Annie J. but not attempted a sexual battery. The victim's undisputed testimo-

ny recounting Geiger's efforts to sexually assault her supports only an ACSC instruction, not one of ABHAN. Barring some confusion as to the precise location where the events transpired, Annie J. consistently reported exactly what occurred. She verified, without contradiction, that Geiger came out of the bathroom naked, put a gun to her head, hit her repeatedly on the head, forced his penis into her mouth, and tried to force her legs open to have intercourse with her. Her testimony was further corroborated by the discovery of Geiger's clothes in her bathroom, her physical injuries, and the testimony of witnesses as to her mental state and demeanor immediately following the incident. It is inconsequential that there was no forensic evidence of sexual assault. The medical examiner testified that Annie J.'s injuries were consistent with the victim's narrative of the events and that the lack of direct evidence of a sexual assault conformed with Annie J.'s testimony that Geiger was never able to penetrate her.

The trial judge did not err in denying Geiger's request to charge the lesser included offense of ABHAN. There is no evidence tending to show Geiger was guilty solely of the lesser crime. The only reasonable inference to be drawn from the totality of the evidence was that Geiger either did or did not commit ACSC. The mere contestation that the jury might have disbelieved Annie J.'s testimony as to the sexual acts and nature of Geiger's assault does not entitle him to have the jury charged with the lesser offense of ABHAN.

## CONCLUSION

Because the record is devoid of evidence that Geiger was guilty only of the lesser included offense, the trial court did not err by refusing to charge the jury with ABHAN. Accordingly, the trial court's decision is

**AFFIRMED.**

KITTREDGE and SHORT, JJ., concur.