THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 James O. Senn, Appellant.
 
 
 

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2009-UP-084
 Submitted January 2, 2009  Filed February
12, 2009

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, South Carolina Commission
 on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Julie M. Thames, all of Columbia; and Solicitor Donald V.
 Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: James
 O. Senn appeals his conviction for trafficking 400 or more grams of
 methamphetamine, alleging the trial court erred in denying his motion for a
 directed verdict and denying his request to charge lesser-included offenses.  
1. As to the directed
 verdict motion, Agent Nathan McCoy testified the methamphetamine-containing
 solution found in just one of the two containers in Senns possession weighed
 well over 400 grams.  Accordingly, the trial court properly denied Senns
 directed verdict motion.  State v.
 Weston, 367 S.C. 279, 292-93, 625
 S.E.2d 641, 648 (2006) (When ruling on a motion for a directed verdict, the
 trial court is concerned with the existence or nonexistence of evidence, not
 its weight.  A defendant is entitled to a directed verdict when the state fails
 to produce evidence of the offense charged.).
2. As to charging
 lesser-included offenses, we initially note Senn never requested a simple
 possession charge at trial.  Furthermore, with regard to the lesser-included
 offense of trafficking less than 400 grams, we find no evidence in the record
 supporting such a charge.  See S.C. Code Ann. § 44-53-375(C)(5) (Supp. 2008)
 (establishing the crime of trafficking 400 or more grams of methamphetamine,
 and referencing § 44-53-210(d) to supply the definition of methamphetamine);
 S.C. Code Ann § 44-53-210(d) (2002) (defining methamphetamine to include any
 material, compound, mixture, or preparation which contains any quantity of
 methamphetamine, its salts, and salts of isomers);  see also State v.
 Knoten, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001) (internal citation
 omitted) (The law to be charged
 must be determined from the evidence presented at trial.); State v. Geiger,
 370 S.C. 600, 608, 635 S.E.2d 669, 674 (Ct. App. 2006) (The mere contention
 that the jury might accept the States evidence in part and reject it in part
 is insufficient to satisfy the requirement that some evidence tend to show the
 defendant was guilty only of the lesser offense.). 
AFFIRMED.[1] 
WILLIAMS,
PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.