THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Marques A.
 Hudson, Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge
Unpublished Opinion No.  2010-UP-141
Submitted December 1, 2009  Filed
 February 22, 2010
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Julie M. Thames, Office of the Attorney General, all of
 Columbia; Solicitor Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER
 CURIAM: Marques A. Hudson (Hudson) appeals
 his conviction for infliction of great bodily injury upon a child.  On appeal,
 Hudson argues the trial court erred in (1) refusing to charge the jury on
 assault and battery of a high and aggravated nature (ABHAN) as a lesser included
 offense of infliction of great bodily injury upon a child, (2) allowing the
 pediatric ophthalmologist to testify as to what the medical team wanted to
 believe in determining the cause of the victim's injuries, and (3) failing to
 follow the requisite procedures pursuant to a Batson challenge.  We
 affirm.[1]
FACTS
On
 October 12, 2003, the Greenville County Emergency Medical Services (EMS) responded
 to an emergency at Hudsons apartment in Greenville, South Carolina.  The
 victim, a sixteen-month-old female, was found unresponsive and was transported
 to Greenville Memorial Hospital in critical condition.  On November 16, 2004,
 Hudson was indicted for infliction of great bodily injury upon a child pursuant
 to section 16-3-95 of the South Carolina Code (2007).
At
 trial, several physicians testified as expert witnesses for the State.  The
 physicians concluded the victim's injuries were inconsistent with Hudson's
 account of the events.  In reaching this conclusion, the physicians noted
 bruising on the victim's forehead, chest, back, thighs, numerous retinal
 hemorrhages, an acute subdural hemorrhage, and injury to the victim's
 pancreas.  Dr. Allison Jones, a pediatric emergency room physician at
 Greenville Memorial Hospital, concluded the victim could not have been injured
 so seriously based on Hudson's account.  Dr. Robert Seigler (Dr. Seigler), the
 medical director of the pediatric intensive care unit at Greenville Memorial
 Hospital, testified the injury to the victim's pancreas resulted from "a
 pretty firm hit" and the subdural hemorrhage and retinal hemorrhages
 required massive force.  According to Dr. Seigler, subdural hemorrhages
 normally result from high speed motor vehicle accidents or a large animal
 kicking a person in the head.  Dr. Seigler also noted retinal hemorrhages are
 not usually seen even in severe car accidents.  
Additionally, Dr. Seigler testified that a
 sixteen-month-old victim could suffer subdural and retinal hemorrhages from
 shaking alone but acknowledged a medical debate exists on whether shaking alone
 or shaking in conjunction with throwing causes these injuries.  In sum, Dr.
 Seigler concluded the subdural and retinal hemorrhages were inconsistent with a
 bathtub and stairwell fall but acknowledged the possibility that some of the
 forehead bruising could have resulted from such events.  
Dr. Anthony Johnson (Dr. Johnson), a
 pediatric ophthalmologist, also concluded the retinal hemorrhages were
 non-accidental and required a great deal of force.  To support his conclusion,
 Dr. Johnson cited to an article that examined three-hundred and sixty children
 who suffered injuries on stairs.  He expressly noted that some significant
 bruising did occur in the children in the study but none of the children
 sustained retinal hemorrhages.  
After the State's presentation of evidence,
 Hudson testified.  In explaining the cause of the victim's injuries, Hudson
 testified the victim slipped in the bathtub and hit her head on the soap dish
 while he was washing her.  Hudson testified that after the victim hit her head,
 she entered the water face down.  Hudson further testified that in the process
 of contacting EMS from a neighbor's telephone, he slipped on a blanket and tumbled
 down the stairwell while holding the victim.  After closing arguments, the
 trial court charged the jury with infliction of great bodily injury upon a
 child.  
The jury found Hudson
 guilty of infliction of great bodily injury upon a child, and the trial court
 sentenced him to fifteen years in prison.  This appeal followed.

STANDARD OF REVIEW
In criminal cases,
 the appellate court sits to review errors of law only. State v. Martucci, 380
 S.C. 232, 246, 669 S.E.2d 598, 605-06 (Ct.
 App. 2008).  This court is bound by the trial court's
 factual findings unless they are clearly erroneous. State v. Baccus, 367
 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  This court does not reevaluate
 the facts based on its own view of the preponderance of the evidence but simply
 determines whether the trial judge's ruling is supported by any evidence.  State
 v. Moore, 374 S.C. 468, 473-74, 649 S.E.2d 84, 86 (Ct. App. 2007).
LAW/ANALYSIS
A.    Jury Charge
Hudson
 argues the trial court erred in refusing to charge the jury on ABHAN because it
 is a lesser included offense of infliction of great bodily injury upon a
 child.  We disagree.  
The question of whether ABHAN is a lesser included
 offense of infliction of great bodily injury upon a child is a novel question
 of law.  Under the elements test, "[t]he lesser
 offense is included in the greater only if each of its elements is always a
 necessary element of the greater offense."  State v. Easler, 327
 S.C. 121, 134, 489 S.E.2d 617, 624 (1997). Therefore, our inquiry is limited to
 whether the elements of ABHAN are always necessary elements of infliction of
 great bodily injury upon a child.
South Carolina
 courts have interpreted ABHAN as "an unlawful act of violent injury
 accompanied by circumstances of aggravation."  State
 v. Geiger, 370 S.C. 600,
 605, 635 S.E.2d, 669, 672 (Ct. App. 2006). Circumstances of aggravation
 include: the use of a deadly weapon, intent to commit a felony, infliction of
 serious bodily injury, great disparity in the ages or physical conditions of
 the parties, difference in gender, taking indecent liberties or familiarities
 with a female, purposeful infliction of shame and disgrace, and resistance to
 lawful authority.  Id. at 605-06, 635 S.E.2d at 672.

 Section 16-3-95 defines infliction of great bodily injury upon a
 child as follows:

 (A) It is unlawful to inflict great bodily injury upon
 a child. A person who violates this subsection is guilty of a felony and, upon
 conviction, must be imprisoned not more than twenty years.
 (B) It is unlawful for a child's parent or guardian,
 person with whom the child's parent or guardian is cohabitating, or any other
 person responsible for a child's welfare as defined in Section 63-7-20
 knowingly to allow another person to inflict great bodily injury upon a child.
 A person who violates this subsection is guilty of a felony and, upon
 conviction, must be imprisoned not more than five years.
 (C) For purposes of this section, "great bodily
 injury" means bodily injury which creates a substantial risk of death or
 which causes serious or permanent disfigurement, or protracted loss or
 impairment of the function of any bodily member or organ.
 (D) This section may not be construed to prohibit
 corporal punishment or physical discipline which is administered by a parent or
 person in loco parentis in a manner which does not cause great bodily
 injury upon a child.
 (E) This section does not apply to traffic accidents
 unless the accident was caused by the driver's reckless disregard for the
 safety of others.

Hudson argues section 16-3-95[2] implicitly includes circumstances of aggravation such as serious bodily injury,
 difference in ages, and difference in sizes. 
In Knox v. State,
 340 S.C. 81, 530 S.E.2d 887 (2000), overruled on other grounds by State v.
 Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005), our supreme court held that
 ABHAN is not a lesser included offense of second degree lynching.  In holding
 ABHAN was not a lesser included offense of second degree lynching, the Knox court stated, "Since
 there are other circumstances of aggravation to establish ABHAN that are not
 included in the definition of second degree lynching, ABHAN is not a lesser included
 offense."  340 S.C. at 85, 610 S.E.2d at 889.  Moreover, in State v. Easler, our
 supreme court concluded ABHAN is not a lesser included offense of felony DUI for
 double jeopardy purposes because each circumstance of aggravation for ABHAN is
 not always a necessary element of felony DUI.  Easler, 327 S.C. at 134,
 489 S.E.2d at 624.
Regardless of whether circumstances of aggravation are
 present in this case, Hudsons argument is without merit.  Our inquiry is
 premised on whether the lesser included offense is always a necessary element
 of the greater offense.  A circumstance of aggravation is a necessary element
 of ABHAN not included in the greater offense of infliction of great bodily
 injury upon a child.  Therefore, ABHAN is not a lesser included offense of
 infliction of great bodily injury upon a child.
B.   Pediatric Ophthalmologists
 Testimony 
Hudson contends the
 trial court erred in allowing Dr. Johnson to testify as to what the medical
 team would like to find in regard to head injury patients.  We conclude
 Hudson's argument is not preserved for review.
At trial, Dr.
 Johnson testified, "Every time a head injury patient is evaluated and
 cared for the team would like nothing more than to find some other explanation
 other than a non-accidental injury.  None of the team wants to find that, and
 therefore, all of the ---."  Hudson's counsel objected and stated, "Your
 Honor, I object to this doctor speaking for the team---."  The trial court
 sustained Hudsons objection. 
On appeal, Hudson
 argues Dr. Johnson's testimony did not qualify as scientific or technical
 knowledge pursuant to Rule 702, SCRE, and Dr. Johnson lacked the personal
 knowledge required for a witness pursuant to Rule 602, SCRE.  Furthermore,
 Hudson contends Dr. Johnsons testimony was hearsay in violation of Rule 802,
 SCRE, and was prejudicial in violation of Rule 403, SCRE. 
A contemporaneous
 objection is required to preserve an issue relating to the admissibility of
 evidence.  State v. Wannamaker, 346 S.C. 495, 499, 552 S.E.2d 284, 286 (2001). The objection should be
 addressed to the trial court in a sufficiently specific manner that brings
 attention to the exact error. State v. Johnson, 363 S.C. 53, 58,
 609 S.E.2d 520, 523 (2005).  Rule 103(a)(1), SCRE, states that a party
 must state the specific ground of objection if the specific ground is not
 apparent from the context.  See State v. Sweet, 374 S.C. 1, 6,
 647 S.E.2d 202, 205 (2007).  
Hudson's
 contemporaneous objection was limited solely to the issue of Dr. Johnson's role
 in speaking on behalf of the medical team.  As a result, Hudson's arguments
 regarding Rule 702, 602, and 403, SCRE, were neither raised to nor ruled upon
 by the trial court at the time of Hudson's objection.  Accordingly, Hudson's
 arguments on those grounds are not preserved for appellate review.  Nicholson
 v. Nicholson, 378 S.C. 523, 537, 663 S.E.2d 74, 81 (Ct. App. 2008) ("It is axiomatic that an issue cannot
 be raised for the first time on appeal, but must have been raised
 to and ruled upon by the trial judge to be preserved for appellate review.") (citation
 omitted).
Even though we find
 Hudson's counsel did not specifically object based on Rule 802, SCRE, his
 hearsay objection was specific enough from the context.  Sweet, 374 S.C.
 at 6, 647 S.E.2d at 205 ([A]n objection must be sufficiently specific to
 inform the trial court of the point being urged by the objector.)  Nevertheless,
 we conclude Hudsons hearsay argument is not preserved for review.
Where an objection
 is sustained but objecting counsel does not move to strike the evidence, the issue is not preserved for
 appellate review.  Martucci, 380 S.C. at 259, 669 S.E.2d at 612-13. 
 Furthermore, if counsel does not request a curative instruction or mistrial
 after an objection has been sustained, counsel received what he asked for and
 cannot be heard to complain on appeal.  McKissick v. J.F. Cleckley &
 Co., 325 S.C. 327, 350, 479
 S.E.2d 67, 79 (Ct. App. 1996).  An examination of the record reveals Hudson's
 counsel neither moved to strike the testimony nor requested a curative
 instruction or moved for a mistrial after the objection was sustained.  As a
 result, Hudson's hearsay argument is not preserved.
C.   Batson Challenge
Hudson also contends the trial court erred in not
 following the procedure for a Batson challenge after defense counsel
 objected to the exclusion of an African-American lawyer.  We conclude this
 issue is not preserved for review.  
After the State
 struck an African-American lawyer, no African-American jurors remained in the
 jury pool.  The State's proffered reason for striking the African-American
 lawyer was based on the lawyer's "great deal of criminal defense
 work."  However, Hudson argues two white lawyers were still seated on the
 jury, which proves the State struck the other juror solely on the basis of race
 in violation of Batson v. Kentucky, 476 U.S. 79 (1986).[3]   
We decline to reach
 the merits of Hudson's Batson challenge.  Hudson's counsel did not make
 a contemporaneous objection to the trial court's procedure once the judge
 inquired into the state's reason for striking the African-American lawyer.  State
 v. Johnson, 363 S.C. at 58, 609 S.E.2d at 523 (2005) (holding to
 preserve an issue for review there must be a contemporaneous objection that is
 ruled upon by the trial court).  It is clear from the record that Hudsons
 counsel objected to the selection of the jury after the jury was sworn. 
 As a result, Hudsons failure to state a timely objection bars appellate
 review. See State v. Edwards, 374 S.C. 543, 649 S.E.2d 112 (Ct.
 App. 2007) overruled on other grounds by State v. Edwards, 384 S.C. 504,
 682 S.E.2d 820 (2009).  ("In order to raise and preserve
 a Batson issue, the opposing party must move for the hearing after the
 jury is selected but before it is sworn.")  
CONCLUSION
Accordingly, the
 trial court's decision is
AFFIRMED.
WILLIAMS, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] Counsel for Hudson and the State cited to the
 pre-amended version of section 16-3-95.  See S.C. Code Ann. §16-3-95
 (Supp. 2007).  The amended version of this statute currently references section
 63-7-20 instead of section 20-7-490(3); however, the amended version preserves
 the substantive law of section 16-3-95.
[3] In Batson, the United States Supreme
 Court held the Equal Protection Clause of the United States Constitution
 prohibits a prosecutor from challenging potential jurors solely on the basis of
 race.  Batson, 476 U.S. at 89.