**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Donald Eugene Peters, Appellant.

Appellate Case No. 2013-000492

———————

Appeal From Beaufort County
Thomas W. Cooper, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-247
Submitted February 1, 2015 – Filed May 13, 2015

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gilmore*, 396 S.C. 72, 77, 719 S.E.2d 688, 690 (Ct. App.

2011) ("In criminal cases, we review the decisions of the trial court only for errors of law. Therefore, in the context of a trial court's decision not to charge a requested lesser-included offense, [this court] review[s] the trial court's decision de novo." (internal quotation marks omitted)); S.C. Code Ann. § 16-3-600(D)(3) (Supp. 2014) ("Assault and battery in the second degree is a lesser-included offense of assault and battery in the first degree . . . ."); *State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) ("Errors, including erroneous jury instructions, are subject to harmless error analysis."); *State v. White*, 361 S.C. 407, 412, 605 S.E.2d 540, 542 (2004) ("The law to be charged is determined by the evidence presented at trial. A trial [court] must charge a lesser[-]included offense if there is any evidence from which the jury could infer the defendant committed the lesser rather than the greater offense. Conversely, a trial [court] does not err by refusing to charge a lesser[-]included offense where there is no evidence tending to show the defendant was guilty only of the lesser offense." (citations omitted)); *Gilmore*, 396 S.C. at 77, 719 S.E.2d at 691 ("[T]here must be evidence the defendant committed [the lesser offense] *instead of* [the greater offense]."); *State v. Geiger*, 370 S.C. 600, 608, 635 S.E.2d 669, 674 (Ct. App. 2006) ("The mere contention that the jury might accept the State's evidence in part and reject it in part is insufficient to satisfy the requirement that some evidence tend to show the defendant was guilty only of the lesser offense.").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.