**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jovan Mitchell, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001004

———————————

Appeal From Greenwood County
J. Mark Hayes, II, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-365
Submitted October 21, 2021 – Filed October 27, 2021

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Petitioner.

Assistant Attorney General Michael Jacob Neubauer, of Columbia, for Respondent.

———————————

**PER CURIAM:** In 2013, a Greenwood County jury found Jovan Mitchell (Petitioner) guilty of the lesser-included offense of grand larceny in the amount of $1,000 to $5,000, and the trial court sentenced him to five years' imprisonment, suspended upon the service of eighteen months' imprisonment, two years' probation, and $1,000 in restitution. Petitioner appealed, and this court affirmed

his convictions and sentences. *See State v. Mitchell*, Op. No. 2015-UP-543 (S.C. Ct. App. filed Nov. 25, 2015). Petitioner filed an application for post-conviction relief (PCR), which was denied. This petition for a writ of certiorari followed, and this court granted certiorari. We affirm the decision of the PCR court.

We agree with the PCR court's finding that evidence was presented at trial from which the jury could determine the value of the metal was between $1,000 and $5,000. *See Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) ("This [c]ourt gives great deference to the factual findings of the PCR court and will uphold them if there is any evidence of probative value to support them. Questions of law are reviewed *de novo*, and we will reverse the PCR court's decision when it is controlled by an error of law." (citation omitted)); *Strickland v. Washington*, 466 U.S. 668, 700 (1984) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."); *State v. White*, 361 S.C. 407, 412, 605 S.E.2d 540, 542 (2004) ("A trial [court] must charge a [lesser-included] offense if there is any evidence from which the jury could infer the defendant committed the lesser rather than the greater offense."); *State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006) ("To justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense."); *State v. Brown*, 402 S.C. 119, 131, 740 S.E.2d 493, 499 (2013) ("Unless it affirmatively appears that the owner does not know the market value of his property, it is generally held that he is competent to testify as to its value even though his knowledge on the subject would not qualify him as a witness were he not the owner . . . . The weight of his testimony is for the jury, and it is generally understood that the opinion of the owner is so far affected by bias that it amounts to little more than a definite statement of the maximum figure of his contention." (quoting *N.C. State Highway Comm'n v. Helderman*, 207 S.E.2d 720, 725 (N.C. 1974))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and MCDONALD and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.