**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jody Ray Thompson, Appellant.

Appellate Case No. 2019-000313

---

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge.

---

Unpublished Opinion No. 2021-UP-370
Submitted October 1, 2021 – Filed November 3, 2021

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Jody R. Thompson appeals his convictions for two counts of attempted murder, two counts of assault and battery of a high and aggravated nature (ABHAN), possession of a weapon during a violent crime, and unlawful

carrying of a pistol. On appeal, Thompson argues the trial court erred in refusing to instruct the jury on the lesser-included offense of second-degree assault and battery. We affirm.

Based on the evidence presented at trial regarding Thompson's use of a gun and the manner in which he fired the gun, we find the trial court did not err by refusing to charge the jury on the lesser-included offense of second-degree assault and battery. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Niles*, 412 S.C. 515, 521, 772 S.E.2d 877, 880 (2015) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Williams*, 427 S.C. 148, 156, 829 S.E.2d 702, 706 (2019) ("In determining whether the evidence requires a charge on a lesser-included offense, we view the facts in the light most favorable to the defendant."); *State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006) ("To justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense."); S.C. Code Ann. § 16-3-600(B)(1) (2015) ("A person commits the offense of [ABHAN] if the person unlawfully injures another person, and: (a) great bodily injury to another person results; or (b) the act is accomplished by means likely to produce death or great bodily injury."); S.C. Code Ann. § 16-3-600(C)(1)(b)(i) (2015) ("A person commits the offense of assault and battery in the first degree if the person unlawfully . . . offers or attempts to injure another person with the present ability to do so, and the act . . . is accomplished by means likely to produce death or great bodily injury . . . ."); S.C. Code Ann. § 16-3-600(A)(1) (2015) (defining "[g]reat bodily injury" as "bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ"); S.C. Code Ann. § 16-3-600(D)(1)(a) (2015) ("A person commits the offense of assault and battery in the second degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so . . . [and] moderate bodily injury to another person results or moderate bodily injury to another person could have resulted . . . ."); S.C. Code Ann. § 16-3-600(A)(2) (2015) (defining "[m]oderate bodily injury" as a physical injury that "causes temporary or moderate disfigurement or temporary loss of the function of a bodily member or organ").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.