**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Donnielle K. Matthews, Appellant.

Appellate Case No. 2021-000677

---

Appeal From Horry County
Steven H. John, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-399
Submitted November 1, 2023 – Filed December 13, 2023

---

**REVERSED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

---

**PER CURIAM:**  Donnielle K. Matthews appeals her conviction for voluntary manslaughter and sentence of thirty years' imprisonment.  On appeal, Matthews argues the trial court erred by instructing the jury on the lesser-included offense of

voluntary manslaughter, contending there was no evidence she acted in a sudden heat of passion because she deliberately and intentionally stabbed Dennis Green out of fear. We reverse pursuant to Rule 220(b), SCACR.

An Horry County grand jury indicted Matthews for the murder of her husband, Dennis Green, who died of stab wounds following an altercation in the couple's car. The trial court instructed the jury on self-defense, murder, and, over Matthews's objection, voluntary manslaughter.

We hold the trial court abused its discretion by instructing the jury on voluntary manslaughter. *See Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."). Viewing the evidence in the light most favorable to Matthews, we hold there was no evidence presented from which a juror could reasonably infer Matthews acted in the sudden heat of passion. Although there was evidence Green provoked Matthews by forcibly pulling her from the back seat into the front floorboard of their car and hitting her repeatedly, the evidence did not show Green lacked control over her actions or acted under an uncontrollable impulse to do violence, despite her fear, when she stabbed Green. *See State v. Niles*, 412 S.C. 515, 522, 772 S.E.2d 877, 880 (2015) ("When determining whether the evidence requires a charge on voluntary manslaughter, the court must view the facts in the light most favorable to the defendant."); *State v. Cole*, 338 S.C. 97, 101, 525 S.E.2d 511, 513 (2000) ("Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation."); *State v. Sams,* 410 S.C. 303, 309, 764 S.E.2d 511, 514 (2014) (explaining a sudden heat of passion "must be such as would naturally disturb the sway of reason and render the mind of an ordinary person incapable of cool reflection and produce what may be called an uncontrollable impulse to do violence."); *State v. Starnes*, 388 S.C. 590, 599-600, 698 S.E.2d 604, 609 (2010) (concluding the defendant was not entitled to a voluntary manslaughter instruction even though he testified he was in fear when he shot the victims because there was no evidence he was "out of control as a result of his fear or was acting under an uncontrollable impulse to do violence"). Here, Matthews testified she stabbed Green in self-defense when he refused to stop hitting her despite her telling him to stop. She explained Green was still hitting her "even after [she] had swung the knife." Moreover, Green had only two stab wounds, which a crime scene reconstruction expert characterized as "shallow" and "little poke wounds." *See State v. Smith*, 391 S.C. 408, 413, 706 S.E.2d 12, 15 (2011) (concluding the defendant was not entitled to a voluntary manslaughter instruction because "he was not enraged, incapable of 'cool reflection,' or acting

'under an uncontrollable impulse to do violence'" at the time of killing; thus, he did not act in the sudden heat of passion). Although Matthews may not have been calm when she arrived at the hospital less than ten minutes after the stabbing, Matthews was composed enough to drive Green to the hospital immediately following the stabbing. *See State v. Sims*, 426 S.C. 115, 137-39, 825 S.E.2d 731, 742-43 (Ct. App. 2019) (holding there was no evidence Sims shot her husband in a sudden heat of passion when the evidence showed Sims, although afraid, "deliberately and intentionally" shot him after telling him to stop what he was doing, which "indicat[ed] she did not want to use the gun," and as soon as she shot him she began "immediately" administering CPR and called 911). Viewing the evidence in the light most favorable to Matthews, we hold there was no evidence presented from which a juror could reasonably infer Matthews lacked control over her actions at the time of the stabbing. Thus, the trial court erred. *See State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006) ("To justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense."). Further, because the jury found Matthews guilty of the erroneous charge, the trial court's error in instructing the jury on voluntary manslaughter was not harmless. *See State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998))).

**REVERSED.**[1]

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.