# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Samir Kevin Shank, Respondent.

Appellate Case No. 2025-001241

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Greenville County
R. Scott Sprouse, Circuit Court Judge

---

Opinion No. 28328
Heard April 21, 2026 – Filed May 6, 2026

---

## REVERSED

---

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Cynthia Smith Crick, of
Greenville, all for Petitioner.

Appellate Defender Jessica M. Saxon, of Columbia, for
Respondent.

---

**JUSTICE VERDIN:** This criminal appeal arises from a traffic stop in which Samir
Kevin Shank, while attempting to evade law enforcement in a stolen vehicle,
reversed that vehicle, causing the open passenger-side door to collide with a

pursuing officer's open vehicle door and knock the officer to the ground. Shank was indicted and tried for, among other offenses, Assault and Battery of a High and Aggravated Nature[1] (ABHAN). At trial, Shank requested a lesser-included offense charge on Third-Degree Assault and Battery[2] based on his asserted lack of intent and the minor nature of the officer's injuries. The trial court denied the request, and the jury then found Shank guilty as indicted. The court of appeals reversed, concluding the trial court erred in failing to give the requested charge and that the error was not harmless. *State v. Shank*, Op. No. 2025-UP-114 (Ct. App. filed Apr. 2, 2025). We granted the State's petition for a writ of certiorari to decide whether the court of appeals erred in reversing Shank's conviction on the ground that the trial court committed reversible error by refusing to charge the jury on Third-Degree Assault and Battery as a lesser-included offense of ABHAN. We reverse.

## I.     Factual and Procedural Background

In August 2020, Shank was borrowing a neighbor's vehicle for transportation to and from work. On August 19, 2020, Shank borrowed the vehicle and failed to return it that evening, prompting the neighbor to report it stolen.

Six days later, an automated license plate reader identified the stolen vehicle and alerted law enforcement. Officer Ander Elder of the Greenville Police Department responded and observed the car turning on a street at a high rate of speed. After a brief pursuit, the vehicle stopped facing a cul-de-sac on a dead-end street. Elder positioned his patrol vehicle behind the stolen vehicle and initiated a felony stop. Elder exited his patrol vehicle and instructed Shank and the passenger to show their hands and turn off the vehicle. At the same time, the passenger opened the passenger-side door, raised his hands, but remained inside the vehicle.

Shank then put the vehicle in reverse and began backing toward the cul-de-sac entrance and Elder's patrol vehicle. As the vehicle moved, the open passenger-side door struck Elder's open driver-side door, knocking Elder to the ground between the two vehicles as Shank passed. Other officers continued the pursuit for approximately six to seven minutes, ending when the vehicle was involved in a single-car accident. Officers then took Shank into custody.

In April 2021, Shank was indicted for failure to stop for blue lights, use of a vehicle without permission, and ABHAN. On April 25, 2022, Shank was tried in a one-day

---

[1] S.C. Code Ann. § 16-3-600(B)(1) (2015).
[2] S.C. Code Ann. § 16-3-600(E)(1) (2015).

trial. During opening statements, defense counsel conceded that Shank contested only the ABHAN charge.

The State's primary witness, Elder, testified regarding the pursuit and the collision. As to the impact, Elder stated he was close enough to touch the stolen vehicle as it passed and that, after being struck, he fell with his head positioned toward the rear of his patrol car between the two vehicles. Elder added that Shank's "vehicle door struck mine at such a force causing me to get thrown backward that it made the gun come out of my hand and get stuck in the doorframe at the top of the vehicle and shut the door on the gun." Elder also testified the force of the collision scratched "the outside of the slide" on his weapon and bent the top of the patrol car's door frame. Elder stated his only injury was a scraped left knee.

After the State rested, defense counsel moved for a directed verdict on the ABHAN charge and, in the alternative, requested a jury charge on Third-Degree Assault and Battery as a lesser-included offense of ABHAN, emphasizing the non-serious nature of the injury and a lack of intent to injure Elder. The State responded by emphasizing the use of the vehicle and how close the vehicle was to running over Elder. The trial court denied the directed verdict motion, finding there was "evidence to support his particular offense."

When the defense rested, defense counsel renewed the request for the lesser-included charge, again relying on Elder's minimal injury. The State responded that it was proceeding under the "means" prong of the ABHAN statute—causing injury by means likely to produce great bodily injury or death—rather than the injury itself. The trial court then denied the charge, finding "[b]ased on the testimony in the case . . . the State is proceeding on the [] second part of the statute that they're alleging that this was accomplished by means likely to produce death or great bodily injury;" therefore, "this is going to be a question . . . of whether the State has proven beyond a reasonable doubt [the] criminal intent . . . in the matter." After the jury was charged, defense counsel again moved for the requested charge, which the trial court denied for the same reasons.

The jury returned a verdict finding Shank guilty as indicted. The trial court sentenced Shank to concurrent terms of eighteen years' imprisonment for ABHAN, three years for use of a vehicle without permission, and five years for failure to stop for blue lights.

On appeal, Shank argued the trial court committed reversible error by failing to charge the jury on Third-Degree Assault and Battery as a lesser-included offense. The court of appeals agreed and reversed, holding the trial court erred in failing to

charge the jury on the lesser-included offense and that the error was not harmless. *State v. Shank*, Op. No. 2025-UP-114 (Ct. App. filed Apr. 2, 2025).

## II.     Standard of Review

In criminal cases, appellate courts review errors of law only and are bound by the factual findings of the trial court unless clearly erroneous. *State v. Wilson*, 345 S.C. 1, 5–6, 545 S.E.2d 827, 829 (2001). "An appellate court will not reverse the trial [court]'s decision absent an abuse of discretion." *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166 (2007). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *Id.*, 373 S.C. at 570, 647 S.E.2d at 166–67.

"In reviewing jury charges for error, we examine the trial court's charge as a whole in light of the evidence and issues presented at trial." *State v. Williams*, 427 S.C. 148, 156, 829 S.E.2d 702, 706 (2019). "The refusal to grant a requested jury charge that states a sound principle of law applicable to the case at hand is an error of law." *Pittman*, 373 S.C. at 570, 647 S.E.2d at 167. "In determining whether the evidence requires a charge on a lesser-included offense, the Supreme Court must view the facts in the light most favorable to the defendant." *State v. Sams*, 410 S.C. 303, 308, 764 S.E.2d 511, 513 (2014).

## III.     Discussion

The State argues the court of appeals erred in reversing the trial court's refusal to charge Third-Degree Assault and Battery as a lesser-included offense of ABHAN because the record contains no evidence from which a jury could reasonably infer Shank was guilty of only the lesser offense. The State contends Shank's use of a vehicle during the assault established the act was accomplished by means likely to result in death or great bodily injury, thereby precluding a lesser-included instruction. Shank responds that the court of appeals correctly reversed. He contends the evidence supports a finding that he did not intend to harm the officer and the incident caused only minor injuries, permitting a jury to find him guilty only of Third-Degree Assault and Battery. Shank further contends the trial court improperly relied on the State's theory rather than the evidence in denying the requested charge.

Section 16-3-600(B)(1) of the South Carolina Code provides a "person commits the offense of assault and battery of a high and aggravated nature if the person unlawfully injures another person, and: (a) great bodily injury to another person results; or (b) the act is accomplished by means likely to produce death or great

bodily injury." Section 16-3-600(E)(1) of the South Carolina Code then states a "person commits the offense of assault and battery in the third degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so." Section 16-3-600(E)(3) of the South Carolina Code (2015) confirms Third-Degree Assault and Battery is a lesser-included offense of ABHAN.

"The trial court is required to charge a jury on a lesser-included offense if there is evidence from which it could be inferred that the defendant committed the lesser, rather than the greater, offense." *Sams*, 410 S.C. at 308, 764 S.E.2d at 513. In other words, to "justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense." *State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006). A requested charge is "properly rejected when there is no evidence tending to show the defendant was guilty of the lesser offense." *Sams*, 410 S.C. at 308, 764 S.E.2d at 513.

Even assuming error in the trial court's reasoning, any such error is harmless if the refusal to charge was correct. *State v. Burkhart*, 350 S.C. 252, 263, 565 S.E.2d 298, 304 (2002). Here, the evidence, viewed in a light most favorable to Shank, does not support a lesser-included charge.

Shank describes the incident as follows:

> [T]he video of the incident showed that Respondent did not back the car at or toward Elder but went straight back. Respondent did not hit anyone with a car, the open passenger-side door of his vehicle collided with Elder's open diver-side door which knocked Elder down. The video shows that constant pressure was applied to the brakes as the vehicle slowly backed up, that the vehicle was at no point angled toward Elder, and that, but for the open doors, the vehicle would have reversed [past] Elder without incident. Further, the evidence showed that the actual injury Elder suffered was extremely minor – a scraped knee.

Even accepting this account, both parties agree on the critical facts: Shank was aware of the officer's presence, his passenger-side door was open, and he reversed the vehicle on a narrow street toward the officer while attempting to flee. That conduct caused the open passenger-side door of the vehicle to strike the officer's door with enough force to knock the officer to the ground.

A vehicle, used in that manner, constitutes a means likely to produce death or great bodily injury. *See* S.C. Code Ann. § 16-3-600(B)(1)(b). The risk here was not theoretical. Had the officer not fallen in the narrow gap between the vehicles, he could have been crushed by his door or run over by Shank's vehicle. The fact that those outcomes did not occur does not diminish the danger inherent in the act.[3] Accordingly, we find the evidence establishes that Shank at least recklessly injured a police officer while evading arrest, and did so by means likely to produce great bodily injury, meeting all of the requirements for an ABHAN conviction under the "means" prong. *See* S.C. Code Ann. 16-3-600(B)(1) ("A person commits the offense of assault and battery of a high and aggravated nature if the person unlawfully injures another person, and: (a) great bodily injury to another person results; or (b) the act is accomplished by means likely to produce death or great bodily injury."); *United States v. Clemons*, 442 S.C. 670, 675, 901 S.E.2d 280, 283 (2024) (stating the general rule that when considering a criminal statute that is silent as to intent, "we consider the common law and the development of the statute to decide whether the Legislature intended the crime to require criminal intent and, if so, what level of intent"); *State v. Smith*, 430 S.C. 226, 234 n.9, 845 S.E.2d 495, 499 n.9 (2020) ("ABHAN is a general-intent crime . . . ."); *State v. Kinard*, 373 S.C. 500, 504, 646 S.E.2d 168, 169 (Ct. App. 2007) (stating that general intent is "'the state of mind required for the commission of certain common law crimes not requiring specific intent' and it 'usually takes the form of recklessness . . . or negligence'" (quoting *Black's Law Dictionary* 813 (7th ed. 1999)), *overruled on other grounds by State v. Burdette*, 427 S.C. 490, 832 S.E.2d 575 (2019); Model Penal Code § 2.02(2)(c) ("A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct."); Model Penal Code § 2.02(2)(d) ("A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct.").

It makes no difference that Shank may not have intended to strike the officer or that the officer's injuries were minor. "ABHAN is a general-intent crime," and the State need not prove an intent to cause great bodily harm, only that the defendant committed the act with the requisite mental state. *Smith*, 430 S.C. at 234 n.9, 845 S.E.2d at 499 n.9. Nor does the statute require that great bodily harm actually occur;

---

[3] We note that there may be situations in which a car striking another person does not amount to a "means likely to produce death or great bodily injury," but Shank's use of the car in this case does. S.C. Code Ann. § 16-3-600(B)(1)(b).

it requires only that the means used be capable of producing it. *See* S.C. Code Ann. § 16-3-600(B)(1)(b).

Thus, because no evidence supports a rational inference that Shank committed only the lesser offense, the trial court properly refused the requested charge. *Geiger*, 370 S.C. at 607, 635 S.E.2d at 673 (holding to "justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense").

## IV.  Conclusion

We find the trial court did not err in refusing to charge the jury on Third-Degree Assault and Battery as a lesser-included offense. No evidentiary basis existed to support the requested lesser-included charge, and the jury was properly instructed on the applicable law. For the foregoing reasons, the court of appeals' decision is

**REVERSED.**

**KITTREDGE, C.J., FEW, JAMES, and HILL, JJ., concur.**