647 S.E.2d 202

**The STATE, Respondent,**

v.

**Tony T-juan SWEET, Appellant.**

No. 26344.

Supreme Court of South Carolina.

Heard April 18, 2007.
Decided June 11, 2007.

Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, and Solicitor Robert M. Ariail, of Greenville, for Respondent.

Chief Justice TOAL:

A jury found Tony T–Juan Sweet ("Appellant") guilty for offenses related to the distribution and possession of crack cocaine within the proximity of a school. On appeal, Appellant alleges that the trial court erred in admitting evidence with a defective chain of custody, and commenting on the facts of the case in the presence of the jury. We reverse Appellant's distribution convictions and remand.

## FACTUAL/PROCEDURAL BACKGROUND

In June 2003, the Greenville police department arranged for a confidential informant to purchase drugs from Appellant at a local motel. Police officers searched the informant and his car for drugs before following him to the motel where the officers maintained video surveillance of the motel parking lot. The officers also wired the informant so that the transaction could be monitored. Officers watched as the informant met Appellant outside the motel and then accompanied Appellant inside a motel room. Although they did not visually witness what occurred inside the motel room, the officers testified to hearing only the informant's and one other voice through the informant's wire. Likewise, video surveillance did not observe anyone entering or exiting the motel room during that time.

When the confidential informant left the motel, officers followed him back to the police station where he handed over 0.21 grams of crack cocaine from the apparent drug purchase. Meanwhile, back at the motel, waiting officers arrested Appellant when he exited the room and attempted to leave on his

bicycle.  Upon searching Appellant, officers found a plastic bag containing 4.27 grams of crack cocaine.

At trial, the State sought to admit both the drugs received from the informant and the drugs seized in the search of Appellant.  Appellant objected to the introduction of the evidence, arguing that since the informant was unavailable to testify at trial, the State had not established a proper chain of custody.  The trial court overruled Appellant's objection, stating that the evidence showing the drugs came from Appellant was "circumstantial ... [a]t a minimal.["][1]"  The court denied Appellant's subsequent motion for a mistrial based on this remark.

A jury convicted Appellant of distribution of crack cocaine, distribution of crack cocaine within the proximity of a school,[2] possession of crack cocaine with intent to distribute, and possession of crack cocaine with intent to distribute with in the proximity of a school.  The trial court sentenced Appellant to consecutive sentences of fifteen years and five years for the distribution charges, and concurrent sentences of fifteen years and ten years on the possession charges.  This appeal followed.

This case was certified to this Court from the court of appeals pursuant to Rule 204(b), SCACR.  Appellant raises the following issues for review:

I.  Did the trial court err in admitting drug evidence obtained from the informant because the chain of custody was defective?

II.  Did the trial court err in failing to direct a mistrial after commenting in the presence of the jury that the State had established by "circumstantial evidence at a minimum" that Appellant sold the drugs being offered into evidence?

### STANDARD OF REVIEW

Decisions regarding the admissibility of evidence and whether to grant or deny a mistrial are within the discretion

---

1.  Neither party disputes that from the context of this remark, the word "minimum" was the appropriate/intended usage.

2.  The drug transaction took place at a motel that was within one-half mile of Bob Jones University.

of the trial court and will not be reversed on appeal absent an abuse of discretion. *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006); *State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (2005). An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law. *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265.

## LAW/ANALYSIS

### I. Chain of custody

Appellant argues that the trial court erred in admitting evidence of drugs purchased by an unknown confidential informant because the chain of custody was defective. We agree.

█ As a preliminary matter, the State argues that this issue is not preserved for appeal because Appellant did not renew his objection to this evidence at the time the evidence was introduced. To properly preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court *State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005).

█ In this case, the State sought to admit two pieces of drug evidence at trial: the drugs that the informant allegedly purchased from Appellant and turned over to the police upon arriving back at the station (State's Exhibit No. 2); and the drugs which police seized from Appellant incident to his arrest in the motel parking lot (State's Exhibit No. 1). The State's first attempt to admit drug evidence came during the testimony of the officer who received the drugs from the informant back at the police station. When the State moved to admit these drugs, i.e., State's Exhibit No. 2, defense counsel objected on the grounds that the State had not revealed an adequate chain of custody to satisfy admissibility requirements. Based on the defective chain of custody, the trial court declined to admit the drugs at that time.

Later in the trial, the State attempted to simultaneously admit both State's Exhibit No. 1 (the drugs found on Appellant after his arrest) and State's Exhibit No. 2 (the drugs received from the confidential informant) during the testimony of the forensic chemist. At this point, defense counsel objected

6

to the admissibility of State's Exhibit No. 1 on the grounds that the State failed to establish an adequate chain of custody. Specifically, defense counsel stated, "[T]here is no evidence that this is attributed to the defendant or came in from any source. The officer claims, you know, he got it from somewhere. And that there's no connection between the defendant and this substance." The State now argues that defense counsel's failure to specifically object to State's Exhibit No. 2 prevents Appellant from raising the issue to this Court.

We find that Appellant's failure to renew his objection to State's Exhibit No. 2 does not amount to a failure to preserve the issue. The grounds for defense counsel's objection to State's Exhibit No. 1 clearly refer to the absence of testimony from the informant with respect to State's Exhibit No. 2, the drugs received from the informant. Conversely, the drugs marked as State's Exhibit No. 1 were retrieved directly from Appellant's front pocket incident to arrest and an objection to their admissibility based on a gap in the chain of custody would have been nonsensical. Because Appellant's objection clearly refers to the drugs received from the confidential informant, Appellant should not be penalized for an apparent misstatement in referring to the exhibit number of the objectionable evidence. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n objection must be sufficiently specific to inform the trial court of the point being urged by the objector."). Therefore, we find that the issue has been properly preserved for appeal.

Turning to the merits, this Court has long held that a party offering into evidence fungible items such as drugs or blood samples must establish a complete chain of custody as far as practicable. *Benton v. Pellum*, 232 S.C. 26, 33, 100 S.E.2d 534, 537 (1957). Where an analyzed substance that has passed through several hands, the identity of individuals who acquired the evidence and what was done with the evidence between the taking and the analysis must not be left to conjecture. *Id.* at 33–34, 100 S.E.2d at 537. Accordingly, if the identity of each person handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion by the trial court is shown in admitting the evidence absent proof of tampering, bad faith, or ill-motive. *State v. Taylor*, 360 S.C. 18, 25, 598 S.E.2d 735, 738 (Ct.App.2004).

■ Testimony from each custodian of fungible evidence, however, is not a prerequisite to establishing a chain of custody sufficient for admissibility. *Id.* at 27, 598 S.E.2d at 739. Where other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling of the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness. *See State v. Williams,* 297 S.C. 290, 376 S.E.2d 773 (1989) (upholding the admissibility of a blood test even though a nurse who drew the blood from the defendant did not testify at trial; hospital forms completed by the absent nurse and testimony from the other evidence custodians sufficiently established a chain of custody).

■ In the instant case, we find that without the testimony of the confidential informant, the State's proof fails to establish a complete chain of custody. None of the chain of custody witnesses testified to seeing inside the motel room in order to establish who was in the room making the alleged transaction. Additionally, none of the witnesses who heard only "one other voice" over the informant's body wire could affirmatively identify this voice as being that of Appellant. Although Greenville police officers testified to a brief search of the informant both before and after the incident, and that they observed no other individuals enter or exit the room during their surveillance, this circumstantial evidence does not show how the informant came into possession of the drug evidence and in what condition he received it. *See State v. Chisolm,* 355 S.C. 175, 584 S.E.2d 401 (Ct.App.2003) (holding that the names and signatures of two evidence technicians on the evidence bag did not sufficiently prove chain of custody where the two technicians were not present at trial to testify to receiving the evidence). Because the officers' testimony does not fill the gap in the chain of custody left by the unavailable informant, the trial court erred in admitting the drug evidence received by the confidential informant.

■ The State argues that the officers' knowledge of the confidential informant's name establishes his identity and therefore, the issue in this case is merely a question of the credibility of the drug evidence rather than its admissibility. This argument is based on the longstanding rule that proof of

the chain of custody need not negate all possibility of tampering so long as the party seeking to admit the evidence has established a complete chain of custody at least as far as practicable. *Benton*, 232 S.C. at 33, 100 S.E.2d at 537. In applying this rule, this Court has held that where a party has established the identity of each person in the chain of custody, issues regarding the care of the evidence only go to the weight of the specimen as credible evidence, and not its admissibility. *State v. Carter*, 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001).

We find that the State's argument is misapplied in the instant case. The rules upon which the State relies require the State in the first instance to have established a complete chain of custody at least as far a practicable. As discussed above, in the absence of testimony from the confidential informant, the State's proof of chain of custody is incomplete because it fails to establish the identity of each custodian and the manner of handling of the evidence. *Cf. id.* (holding that where all custodians of a blood sample testified, the chain of custody was complete and therefore, evidence regarding a discrepancy in the handling of the blood sample went to the weight of the sample as credible evidence and not its admissibility). Furthermore, although the unavailability of the confidential informant made it impracticable to produce him as a witness at trial, the State could have taken a sworn statement from the informant before he left the station and produced the statement at trial under the procedures of Rule 6(b), SCRCrimP.[3] *See Chisolm*, 355 S.C. at 180, 584 S.E.2d at 404 (finding drug evidence inadmissible where "it would not have been impracticable for the State to have called each custodian to testify or for the State to have submitted sworn statements from the custodians under ... Rule 6(b), SCRCrimP."). In other words, the State simply did not present proof of the chain of custody as far as practicable. For these reasons, the informant's possession of the drug evidence may not be reduced to an issue of mere credibility based solely on the officers' knowledge of the informant's name.

Although our courts have been willing to fill in gaps in the chain of custody where other evidence reasonably demon-

---

3. Rule 6(b), SCRCrimP, allows for the admission of sworn statements to prove chain of custody in lieu of the appearance of a chain of custody witness.

strates the identity of each individual in the chain of custody and the manner of handling of the evidence, such circumstances are not present here. Accordingly, we hold that the trial court erred in admitting evidence of drugs allegedly purchased from Appellant by the informant.

## II. Remark by the trial court in the presence of the jury.

Because our decision regarding the chain of custody is dispositive in this case, we decline to address Appellant's argument that the trial court erred in refusing to grant a mistrial based on the court's remark that the State had established by "circumstantial evidence at a minimum" that the drugs came from Appellant. *See Futch v. McAllister Towing of Georgetown*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address additional issues if the resolution of another issue is dispositive).

### CONCLUSION

For the foregoing reasons, we reverse Appellant's distribution convictions and remand the case for a new trial on these charges.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.