689 S.E.2d 608

**The STATE, Respondent,**

v.

**Garry L. VALENTINE, Appellant.**

**No. 26765.**

Supreme Court of South Carolina.

Heard Dec. 2, 2009.

Decided Feb. 8, 2010.

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia, and John Gregory Hembree, of Conway, for Respondent.

Justice PLEICONES.

Appellant was tried *in absentia* and convicted of trafficking cocaine more than ten grams but less than twenty-eight. Subsequently, appellant appeared and his sealed sentence was opened. The three-year sealed sentence was imposed without objection. On appeal, appellant contends the trial judge erred

in admitting drug evidence because the chain of custody was deficient. We find no error, and affirm.

## FACTS

The police took a Confidential Informant (C.I.), who had been searched, wired, and provided with marked bills, to the apartment complex where appellant lived. They observed the C.I. and appellant speak outside the building, then enter appellant's apartment which they had under surveillance. They then listened to, but did not observe, an alleged drug transaction between the C.I. and appellant. When the C.I. exited appellant's apartment about ten minutes later, the officers observed him as he walked through the apartment complex to a parking lot. He met the police there, and provided them with cocaine.

As soon as the C.I. began to leave the scene, officers approached appellant's apartment. When he refused to answer the door after they knocked, the officers forcibly entered the residence where they found only appellant present. Appellant was arrested, a search warrant was obtained, and a search of appellant's apartment led to discovery of the marked bills given to the C.I., drug paraphernalia, and marijuana.

At trial, appellant's attorney objected to the admissibility of the cocaine, arguing that the State's failure to call the C.I. rendered the chain of custody fatally incomplete. The trial judge disagreed.

## ISSUE

Whether the trial judge erred in admitting the cocaine because the State failed to prove a sufficient chain of custody?

## ANALYSIS

Appellant readily concedes that the chain of custody from the time the C.I. gave the drugs to the first officer is unassailable. He contends, however, that the State's failure to present evidence from the C.I. renders the cocaine the C.I. allegedly purchased from appellant inadmissible, and that the trial judge therefore abused his discretion in admitting it.

*State v. Sweet,* 374 S.C. 1, 647 S.E.2d 202 (2007). We disagree.

In *Sweet,* the State did not call the C.I. at trial nor did it present an affidavit from him. Furthermore, the State did not reveal his identity. In reversing, we held:

In other words, the State simply did not present proof of the chain of custody as far as practicable. For these reasons, the informant's possession of the drug evidence may not be reduced to an issue of mere credibility based solely on the officer's knowledge of the informant's name. Although our courts have been willing to fill in gaps in the chain of custody where other evidence reasonably demonstrates the identity of each individual in the chain of custody and the manner of handling of the evidence, such circumstances are not present here.

*Sweet,* 374 S.C. at 8–9, 647 S.E.2d at 207.

Unlike *Sweet,* in this case the identity of the C.I. was known to the appellant, and the defense was able to fully explore the C.I.'s criminal history, and the terms of the deal by which the C.I. arranged to buy drugs from appellant, the C.I.'s cousin. Moreover, whereas the C.I. in *Sweet* was permitted to travel to and from the transaction site in his personal automobile, the C.I. here was under direct police observation except during the approximately ten minutes he was in the apartment and only under audio surveillance.

As we explained in *Sweet,* "Where other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness." 374 S.C. at 7, 647 S.E.2d at 206 (internal citation omitted). Here, the State established the C.I.'s identity, and reasonably demonstrated the manner in which the cocaine was handled.

We find no abuse of discretion in the trial judge's decision to admit this cocaine. *State v. Sweet, supra.* Appellant's conviction and sentence are

**AFFIRMED.**

WALLER, Acting Chief Justice, BEATTY, KITTREDGE, JJ., and Acting Justice HOWARD P. KING, concur.