THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Darnell D. McFadden, Appellant.
 
 
 

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2012-UP-028
 Heard November 16, 2011  Filed January
25, 2012    

AFFIRMED

 
 
 
 Tricia A. Blanchette, of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General Harold Coombs, all of Columbia; Solicitor
 E.L. Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM: In this criminal case, Darnell D. McFadden
 argues the trial court erred in denying his motion to relieve counsel and not
 granting him a continuance in order to obtain a private attorney.  He further
 contends the trial court erred in admitting drug evidence because the chain of
 custody was insufficient.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:
1. As to
 whether the trial court erred in denying his motion to relieve counsel and not
 granting him a continuance in order to obtain a private attorney: State v.
 Gregory, 364 S.C. 150, 152, 612 S.E.2d 449, 450 (2005) (holding a motion to
 relieve counsel is addressed to the discretion of the trial court and will not
 be disturbed absent an abuse of discretion); State v. Graddick, 345 S.C.
 383, 386, 548 S.E.2d 210, 211 (2001) (noting the defendant bears the burden of
 showing satisfactory cause for removal); id. (finding the trial court
 did not err in denying the defendant's motion to relieve counsel when defendant
 alleged counsel was not representing his interests, counsel was not fully
 prepared for the case, and defendant did not feel comfortable going to court
 with counsel as his lawyer); State v. Hyman, 276 S.C. 559, 562, 281
 S.E.2d 209, 211 (1981), overruled on other grounds by State v.
 Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991) (finding the trial court did
 not abuse his discretion in denying the defendant's motion to relieve counsel
 based on the defendant's allegation that counsel was "not up to date on
 the law"); State v. Yarborough, 363 S.C. 260, 266, 609 S.E.2d 592,
 595 (Ct. App. 2005) ("The granting of a motion for a continuance is within
 the sound discretion of the trial court and will not be disturbed absent a
 clear showing of an abuse of discretion."); State v. McMillian, 349
 S.C. 17, 21, 561 S.E.2d 602, 604 (2002) (providing a trial court's denial of a
 motion for continuance will not be disturbed absent a clear abuse of discretion); id. ("Reversals of refusal of a continuance are about as rare as
 the proverbial hens' teeth.").  
2. As to
 whether the trial court erred in admitting drug evidence because the chain of
 custody was allegedly insufficient: State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may
 not argue one ground at trial and an alternate ground on appeal."); State
 v. Haselden, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003) (finding unpreserved
 appellant's argument testimony was improper character evidence when appellant
 objected to the testimony only on basis of relevancy); State v. Benton,
 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (finding an argument in support
 of a jury charge on one ground was not preserved because appellant had argued
 for the charge based on a different ground at trial); State v. Pagan, 369 S.C. 201, 208, 631 S.E.2d 262,
 265 (2006) ("The admission of evidence is within the discretion of
 the trial court and will not be reversed absent an abuse of discretion."); id. ("An abuse of discretion occurs when the conclusions of the
 trial court either lack evidentiary support or are controlled by an error of
 law."); State v.
 Hatcher, 392 S.C.
 86, 91, 708 S.E.2d 750, 753 (2011) ("'[A] party offering into evidence
 fungible items such as drugs . . . must establish a complete chain of custody
 as far as practicable.'" (quoting State v. Sweet, 374 S.C. 1, 6,
 647 S.E.2d 202, 205 (2007))); id. (finding that when
 the substance analyzed has passed through several hands, the State must not
 leave it to conjecture as to who had it and what was done with it between the
 taking and the analysis); id. ("'Testimony from each custodian of
 fungible evidence, however, is not a prerequisite to establishing a chain of
 custody sufficient for admissibility.'" (quoting Sweet, 374 S.C. at
 7, 647 S.E.2d at 206)); id. (holding that when other evidence
 establishes the identity of those who have handled the evidence and reasonably
 demonstrates the manner of handling of the evidence, courts will fill gaps in
 the chain of custody due to an absent witness.); id. at 92, 708 S.E.2d
 at 753 ("'Proof of chain of custody need not negate all possibility of
 tampering so long as the chain of possession is complete.'" (quoting State
 v. Carter, 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001))); Carter,
 344 S.C. at 424, 544 S.E.2d at 837 (stating evidence is inadmissible only when
 the chain of possession is missing a link because the identity of those who
 handled the evidence was not established at least as far as practicable); id. (finding that when the identity of persons handling the specimen is
 established, evidence regarding its care goes only to the weight of the
 specimen as credible evidence); id. (providing that when the chain of
 custody has a weak link, as opposed to a missing link, the question is only one
 of credibility and not admissibility).
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.