THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Stanford Lavelle
 Brown, Appellant.
 
 
 

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No.  2012-UP-063  
 Submitted January 3, 2012  Filed February
8, 2012

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia;
 and Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Stanford
 Lavelle Brown appeals his conviction for trafficking in cocaine base.  He
 argues the circuit court erred in admitting (1) his jailhouse telephone
 conversations and (2) drug evidence after two witnesses involved in the chain
 of custody did not testify at trial and a labeling error was discovered.  We
 affirm.[1]
1. We find the circuit
 court did not abuse its discretion in admitting several jailhouse telephone
 conversations between Brown and a confidant placing Brown at the scene of the
 crime.  Specifically, the statements made by Brown are admissions excluded from
 the definition of hearsay.  See Rule
 801(d)(2)(A), SCRE.  Moreover, the relevant utterances of his confidant were
 neither assertions nor offered for their truth.[2]  See Rules 801(a) & (c), SCRE.  All other statements made by Brown's
 confidant were harmless in light of Brown's admissions.  See State v.
 Liverman, 386 S.C. 223, 233-34, 687 S.E.2d 70, 75 (Ct. App. 2009) (holding
 that reversal of a circuit court's ruling to admit or exclude evidence requires
 prejudice to the defendant).
2.  We find the circuit
 court did not abuse its discretion in admitting the drugs into evidence.  The
 absence of two witnesses who handled the drugs is not fatal to the chain of
 custody, even in light of remedied clerical errors that occurred earlier in the
 chain.
In order to admit drugs into
 evidence, the State "must establish a complete chain of custody as far as
 practicable."  State v. Sweet, 374 S.C. 1, 6, 647 S.E.2d 202, 205
 (2007).  Who had handled the drugs and what was done with them must not be left
 to conjecture.  Id.  The South Carolina Supreme Court, however, has
 retreated from "inflexible rules regarding the chain of custody and the
 admissibility of evidence," giving the circuit court more discretion in
 ruling on the admissibility of fungible evidence.  State v. Hatcher, 392
 S.C. 86, 94, 708 S.E.2d 750, 754 (2011).  First, each custodian in the chain
 need not testify "[w]here other evidence establishes the identity of those
 who have handled the [drugs] and reasonably demonstrates the manner of handling
 of [them]."  Id. at 91, 708 S.E.2d at 753.  Indeed, "[i]t is
 unnecessary . . . that the police account for every hand-to-hand
 transfer."  Id. at 94, 708 S.E.2d at 754 (emphasis added) (internal
 quotation marks omitted).  Second, as long as the chain is sufficiently
 complete, the State need not "negate all possibility of tampering."  Id. at 92, 708 S.E.2d at 753.  Courts, though, will not fill gaps "where there
 is a missing link in the chain of possession because the identity of those who
 handled the [drugs] was not established at least as far as practicable."  Id. (emphasis removed).
Here, the State identified
 each witness who handled the drugs, and only two did not testify.  One witness,
 a State Law Enforcement Division (SLED) technician, merely accepted the drugs from
 investigators and placed them into the vault.  Another SLED technician merely
 served as a go-between, transferring the evidence between vaults, to and from
 the analyst, and ultimately back to investigators.  The SLED analyst explained
 the role each technician had in handling the drugs and testified she found no
 sign of tampering.  Hatcher involved similar procedures at SLED, where evidence
 was logged and handled by technicians other than the analyst who performed the
 testing.  Id. at 90 n.1, 708 S.E.2d at 752 n.1.  Given the supreme
 court's position that these technicians had "fleeting contact with the
 evidence," we find the circuit court here properly exercised its
 discretion against "unnecessary logistical problems concerning chain of
 custody."  Id. at 94, 708 S.E.2d at 754.
We also find the clerical
 errors made by investigators were remedied to the extent the drugs remained
 properly identifiable.  See id. at 95, 708 S.E.2d at 755 ("The
 ultimate goal of chain of custody requirements is simply to ensure that the
 item is what it is purported to be.").  Each witness involved in
 correcting the errors testified about how they handled the drugs.  Moreover, we
 note the evidence shows the remedied errors of the investigators are
 unconnected to the SLED technicians' handling of the drugs, and we find the
 errors did not necessitate the technicians' testimony.
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Brown also argues the admission of his confidant's
 utterances violated his right to confront witnesses.  This issue, however, was
 never ruled on by the circuit court and is thus not preserved for our review.  See State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In
 order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court].").