THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Eddie Clay
 Golson, Appellant.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2012-UP-246
 Submitted April 2, 2012  Filed April 25,
2012    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Deputy Attorney General Deborah R.J. Shupe, all
 of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: Eddie Clay Golson appeals his convictions
 of first-degree burglary and possession of a weapon during a violent crime,
 arguing the circuit court erred in admitting blood evidence when the State
 failed to establish a sufficient chain of custody.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Jennings, 394
 S.C. 473, 477, 716 S.E.2d 91, 93 (2011) ("The admission of evidence is within the discretion of the
 [circuit] court and will not be reversed absent an abuse of discretion."
 (quotation marks omitted)); State v. Sweet, 374 S.C. 1, 6, 647 S.E.2d
 202, 205 (2007) ("[A] party offering into evidence fungible items such as
 drugs or blood samples must establish a complete chain of custody as far as
 practicable."); id. at 7, 647 S.E.2d at 206 ("Testimony from
 each custodian of fungible evidence, however, is not a prerequisite to
 establishing a chain of custody sufficient for admissibility."); State
 v. Hatcher, 392 S.C. 86, 95, 708 S.E.2d 750, 755 (2011) ("The State
 need not establish the identity of every person handling fungible items in all
 circumstances; rather, the standard is whether, in the discretion of the [circuit
 court], the State has established the chain of custody as far as practicable.  This
 determination will necessarily depend on the unique factual circumstances of
 each case.").
AFFIRMED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.