**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Leo Abney, Appellant.

Appellate Case No. 2016-000314

———————————

Appeal From Saluda County
William P. Keesley, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-367
Submitted September 1, 2017 – Filed October 4, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the [circuit] court and will not be reversed absent an abuse of discretion."); *State v. Joseph*, 328 S.C. 352, 364, 491 S.E.2d 275, 281 (Ct. App. 1997) ("A party offering into evidence fungible items such as drugs . . . must establish a chain of custody as far as practicable."); *State v. Hatcher*, 392 S.C. 86, 95, 708 S.E.2d 750, 755 (2011) ("The ultimate goal of chain of custody requirements is simply to ensure that the item is what it is purported to be."); *State v. Sweet*, 374 S.C. 1, 6, 647 S.E.2d 202, 205 (2007) ("Where an analyzed substance . . . has passed through several hands, the identity of individuals who acquired the evidence and what was done with the evidence between the taking and the analysis must not be left to conjecture."); *Hatcher*, 392 S.C. at 93, 708 S.E.2d at 753-54 ("[W]here all individuals in the chain are, in fact, identified and the manner of handling is reasonably demonstrated, it is not an abuse of discretion for the [circuit court] to admit the evidence in the absence of proof of tampering, bad faith, or ill-motive.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.