**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Cedric Xavier Heyward, Appellant.

Appellate Case No. 2016-000295

———————————

Appeal From Richland County
Clifton Newman, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-073
Submitted January 1, 2018 – Filed February 7, 2018

———————————

**AFFIRMED**

———————————

Assistant Public Defender Jonathan Scott Comish, of Columbia, for Appellant.

Jessica Mangum, of the City Attorney's Office, of Columbia, for Respondent.

———————————

**PER CURIAM:** Cedric Xavier Heyward appeals the circuit court's order affirming his conviction for simple possession of marijuana, arguing the municipal court erred by failing to suppress (1) drug evidence obtained as a result of an illegal extension of his traffic stop and (2) drug analysis results because the

Respondent failed to properly establish the chain of custody of the marijuana. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding the municipal court properly admitted the marijuana into evidence: *State v. Adams*, 409 S.C. 641, 647, 763 S.E.2d 341, 344 (2014) ("On appeals from a motion to suppress based on Fourth Amendment grounds, this [c]ourt applies a deferential standard of review and will reverse if there is clear error." (quoting *State v. Tindall*, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010))); *State v. Pichardo*, 367 S.C. 84, 96, 623 S.E.2d 840, 846 (Ct. App. 2005) ("The 'clear error' standard means that an appellate court will not reverse a trial court's finding of fact simply because it would have decided the case differently."); *State v. Moore*, 415 S.C. 245, 251, 781 S.E.2d 897, 900 (2016) ("Rather, appellate courts must affirm if there is any evidence to support the trial court's ruling."); *Rodriguez v. United States*, 575 U.S. __, 135 S. Ct. 1609, 1614 (2015) (internal citations omitted) ("[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop and to attend to related safety concerns."); *id.* (alteration in original) ("Because addressing the infraction is the purpose of the stop, it may 'last no longer than is necessary to effectuate th[at] purpose.'" (quoting *Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325 (1983))); *id.* at __, 135 S. Ct. at 1615 ("An officer . . . may conduct certain unrelated checks during an otherwise lawful traffic stop. But . . . he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual."); *id.* (alteration in original) ("Beyond determining whether to issue a traffic ticket, an officer's mission includes 'ordinary inquires incident to [the traffic] stop.'" (quoting *Illinois v. Cabelles*, 543 U.S. 405, 408, 125 S. Ct. 834, 837 (2005))); *id.* ("Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance."); *id.* ("Lacking the same close connection to roadway safety as the ordinary inquiries, a dog sniff is not fairly characterized as part of the officer's traffic mission."); *id.* at __, 135 S. Ct. at 1616 (internal citations omitted) ("The critical question, then, is not whether the dog sniff occurs before or after the officer issues a ticket . . . but whether conducting the sniff 'prolongs'—*i.e.*, adds time to—'the stop.'").

2. As to whether the circuit court erred in finding the municipal court properly admitted the drug analysis results into evidence: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

the trial court and will not be reversed absent an abuse of discretion."); *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) ("[A] party offering into evidence fungible items such as drugs or blood samples must establish a complete chain of custody as far as practicable." (quoting *State v. Sweet*, 374 S.C. 1, 6, 647 S.E.2d 202, 205 (2007))); *id.* ("Where the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and analysis." (quoting *Benton v. Pellum*, 232 S.C. 26, 33-34, 100 S.E.2d 534, 537 (1957))); *id.* ("Testimony from each custodian of fungible evidence, however, is not a prerequisite to establishing a chain of custody sufficient for admissibility."  (quoting *Sweet*, 374 S.C. at 7, 647 S.E.2d at 206)); *id.* ("Where other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling of the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness." (quoting *Sweet*, 374 S.C. at 7, 647 S.E.2d at 206)); *id.* at 92, 708 S.E.2d at 753 ("In applying this rule, [courts] have found evidence inadmissible only where there is a missing link in the chain of possession *because the identity of those who handled the [substance] was not established at least as far as practicable*."  (emphasis in original) (quoting *State v. Carter*, 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001))).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**