**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mark Lorenzo Blake, Jr., Appellant.

Appellate Case No. 2016-001364

Appeal From Charleston County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2018-UP-111
Submitted February 1, 2018 – Filed March 14, 2018

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jennifer Ellis Roberts, both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, for Respondent.

**PER CURIAM:**  Mark Lorenzo Blake, Jr., appeals his conviction and twelve-year sentence for possession with intent to distribute heroin, second offense.  On appeal, Blake argues the trial court erred by (1) admitting a chemist's report, her testimony,

and related drug evidence because the State failed to establish an adequate chain of custody for the substance tested; and (2) refusing to suppress evidence obtained during an unreasonable search of Blake's home. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006))); *State v. Sweet*, 374 S.C. 1, 6, 647 S.E.2d 202, 205-06 (2007) ("[I]f the identity of each person handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion by the trial court is shown in admitting the evidence absent proof of tampering, bad faith, or ill-motive."); *id.* at 7, 647 S.E.2d at 206 ("Testimony from each custodian of fungible evidence . . . is not a prerequisite to establishing a chain of custody sufficient for admissibility.").

As to issue 2: *State v. Adams*, 409 S.C. 641, 647, 763 S.E.2d 341, 344 (2014) ("On appeals from a motion to suppress based on Fourth Amendment grounds, this [c]ourt applies a deferential standard of review and will reverse if there is clear error." (quoting *State v. Tindall*, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010))); *id.* ("However, this [c]ourt reviews questions of law de novo."); *United States v. Hurwitz*, 459 F.3d 463, 472 (4th Cir. 2006) ("The Fourth Amendment does not require an officer to serve a search warrant before executing it."); *id.* ("In fact, the Fourth Amendment is not offended where the executing officer fails to leave a copy of the search warrant with the property owner following the search or fails even to carry the warrant during the search."); *Florida v. Jimeno*, 500 U.S. 248, 250 (1991) ("The touchstone of the Fourth Amendment is reasonableness."); *Nordlinger v. Hahn*, 505 U.S. 1, 26 (1992) ("A violation of state law does not by itself constitute a violation of the Federal Constitution.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.