**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Aaron Baynard Griswold, Appellant.

Appellate Case No. 2016-001215

------

Appeal From York County
John C. Hayes, III, Circuit Court Judge

------

Unpublished Opinion No. 2018-UP-416
Submitted September 6, 2018 – Filed November 7, 2018

------

**AFFIRMED**

------

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Senior Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

------

**PER CURIAM:** Aaron Baynard Griswold appeals the trial court's order, arguing the court erred in (1) finding the State presented a sufficient chain of custody to admit the videos of children engaged in sexual activity and (2) denying Griswold's

motion to exclude the videos from evidence as overly prejudicial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Griswold's argument the trial court erred in finding the State presented a sufficient chain of custody because the two men who completed the imaging processes in both 2007 and 2014 were not present at trial for cross-examination: *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) ("[T]his [c]ourt has long held that a party offering into evidence fungible items such as drugs or blood samples must establish a complete chain of custody as far as practicable." (quoting *State v. Sweet*, 374 S.C. 1, 6, 647 S.E.2d 202, 205 (2007))); *id.* ("Where the substance analyzed has passed through several hands[,] the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis." (quoting *Benton v. Pellum*, 232 S.C. 26, 33, 100 S.E.2d 534, 537 (1957))); *id.* ("Testimony from each custodian of fungible evidence, however, is not a prerequisite to establishing a chain of custody sufficient for admissibility." (quoting *Sweet*, 374 S.C. at 7, 647 S.E.2d at 206)); *id.* ("Where other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling of the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness." (quoting *Sweet*, 374 S.C. at 7, 647 S.E.2d at 206)); *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741-42 (2005) ("While the chain of custody requirement is strict where fungible evidence is involved, where the issue is the admissibility of non-fungible evidence—that is, evidence that is unique and identifiable—the establishment of a strict chain of custody is not required: If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition."); *State v. Brockmeyer*, 406 S.C. 324, 340, 751 S.E.2d 645, 653 (2013) ("*Crawford* changed the law to prohibit the admission of testimonial, out-of-court statements unless two conditions are met: the witness is unavailable at trial and the defendant had a prior opportunity to cross-examine the witness." (citing *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004))); *State v. Trapp*, 420 S.C. 217, 236, 801 S.E.2d 742, 752 (Ct. App. 2017) ("As our courts have reiterated, the Sixth Amendment's protections only attach when hearsay is testimonial."); *United States v. Hayes*, 612 F. App'x 673, 675 (4th Cir. 2015) ("Data generated by a machine, where the only source of the statement is the machine printout and not a person, is not subject to the Confrontation Clause.").

2.    As to Griswold's argument the trial court erred in denying his motion to exclude the videos from evidence depicting child pornography because the videos were inflammatory and not needed to substantiate material facts due to the State providing a detailed summary of the videos' content: S.C. Code Ann. § 16-15-410 (2015) ("An individual commits the offense of third degree sexual exploitation of a minor if, knowing the character or content of the material, he possesses material that contains a visual representation of a minor engaging in sexual activity . . . ."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("A trial court has particularly wide discretion in ruling on Rule 403 objections."); *State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances." (quoting *State v. Martucci*, 380 S.C. 232, 250, 669 S.E.2d 598, 607 (Ct. App. 2008))); *State v. Gray*, 408 S.C. 601, 616, 759 S.E.2d 160, 168 (Ct. App. 2014) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998))); *Gilchrist*, 329 S.C. at 630, 496 S.E.2d at 429 ("[A]ll evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided." (quoting *United States v. Rodriguez-Estrada*, 877 F.2d 153, 156 (1st Cir. 1989))).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.