**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James L. Ginther, Appellant.

Appellate Case No. 2019-000672

———————————

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-046
Submitted January 1, 2024 – Filed February 7, 2024

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, and
Senior Assistant Attorney General J. Anthony Mabry, all
of Columbia; and Solicitor Ernest Adolphus Finney, III,
of Sumter, all for Respondent.

———————————

**PER CURIAM:** James L. Ginther appeals his convictions for murder and kidnapping, and sentence of life imprisonment without parole. On appeal, he argues (1) the trial court erred in refusing to limit a forensic firearms examination expert's opinion testimony to "consistencies" between test-fired shell cartridges from Ginther's gun and a fired shell cartridge found at the crime scene, and (2) the trial court erred in admitting irrelevant, confusing, and misleading still shots of a car from a traffic camera in Columbia. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in admitting opinion testimony from a witness qualified as an expert in forensic firearms examination that Ginther's gun fired a shell cartridge found at the crime scene. *See State v. Wallace*, 440 S.C. 537, 541, 892 S.E.2d 310, 312 (2023) ("We review a trial court's ruling on the admission or exclusion of evidence—when the ruling is based on the South Carolina Rules of Evidence—under an abuse of discretion standard."); *State v. Jones*, 423 S.C. 631, 636, 817 S.E.2d 268, 270 (2018) ("A trial court's ruling on the admissibility of expert testimony constitutes an abuse of discretion where the ruling is unsupported by the evidence or controlled by an error of law."). Ginther did not object to the expert's qualification or the reliability of the methodology used to form the expert's opinion. *See* Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Wallace*, 440 S.C. at 544, 892 S.E.2d at 313 ("To admit expert testimony under Rule 702, the proponent—in this case the State—must demonstrate, and the trial court must find, the existence of three elements: 'the evidence will assist the trier of fact, the expert witness is qualified, and the underlying science is reliable.'" (quoting *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999))). With no challenge to the expert's qualification or methodology, there was no reason to limit the expert's testimony to "consistencies" between the fired shell cartridge found at the crime scene and the test-fired shell cartridges from Ginther's gun. *See State v. Hackett*, 215 S.C. 434, 445, 55 S.E.2d 696, 701 (1949) (explaining that courts "allow the introduction of expert testimony to show that the bullet which killed the deceased was fired from a particular pistol or rifle . . . [if] the witness . . . is, by experience and training, qualified to give an expert opinion in the field of ballistics.").[1]

---

[1] To the extent Ginther argues the trial court erred by failing to conduct a hearing on the reliability of the methodology used by the expert pursuant to *Watson v. Ford*

2.  We hold the trial court did not abuse its discretion in admitting still shots from a traffic camera video because the still shots were relevant and their probative value was not substantially outweighed by the danger of misleading the jury or confusing the issues.  *See State v. Phillips*, 430 S.C. 319, 340, 844 S.E.2d 651, 662 (2020) ("We review a trial court's decision to admit or exclude evidence under a deferential standard for an abuse of discretion.").  The still shots showed a car similar to Ginther's driving from the direction of Ginther's home towards Sumter— where his ex-wife was later found deceased, at 12:51 a.m.—at a time that would have corresponded with her early-morning murder.  Therefore, the still shots were relevant because they tended to show Ginther was travelling towards Sumter at a crucial time.  *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").  Next, although their probative value was low due to the still shots not showing any identifying characteristics of the car or its driver, their risk of confusing the issues or misleading the jury was also low because the jury had the ability to weigh the evidence and make conclusions about the identification of the driver or car.  *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues[] or misleading the jury . . . .");  *State v. Gray*, 438 S.C. 130, 144, 882 S.E.2d 469, 476 (Ct. App. 2022), *cert. denied* (Oct. 3, 2023) (holding the danger of confusing or misleading the jury was limited despite the surveillance video's low quality making it "difficult to discern what happened" because the jury could replay the video as often as it needed).  Thus, the danger of confusion of the issues or misleading the jury did not substantially outweigh the still shots' probative value.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

*Motor Co.*, 389 S.C. 434, 699 S.E.2d 169 (2010), and by failing to limit the expert's testimony to "a reasonable degree of ballistic certainty," we hold these issues are not preserved for appellate review.  *See State v. Sweet*, 374 S.C. 1, 5, 647 S.E.2d 202, 205 (2007) ("To properly preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court[.]");  *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n objection must be sufficiently specific to inform the trial court of the point being urged by the objector.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.