**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nicholas Bonner, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2022-000085

———

Appeal From Cherokee County
H. Steven DeBerry, IV, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-223
Submitted June 1, 2025 – Filed July 2, 2025

———

**AFFIRMED**

———

Susannah Conyers Ross, of Ross & Enderlin, PA, of Greenville, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

———

**PER CURIAM:** Petitioner seeks a writ of certiorari from an order partially granting and partially denying his application for post-conviction relief (PCR). The PCR court found Petitioner was entitled to a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

However, the PCR court found Petitioner was not entitled to relief on any other ground.

Because there is sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question 1 and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Questions 2, 3, and 4.

On appeal, Petitioner argues the trial court erred in allowing a cooperating co-defendant's testimony about his prior bad acts because the evidence was not clear and convincing and constituted unreliable propensity evidence. He further argues his pretrial objection to the issue preserved the matter for appellate review. We affirm pursuant to Rule 220(b), SCACR.

We hold Petitioner's arguments concerning the prior bad act evidence are not preserved for appellate review because he did not contemporaneously object to the evidence at trial. *See State v. Sweet*, 374 S.C. 1, 5, 647 S.E.2d 202, 205 (2007) (providing that for an issue to be preserved for appellate review, a party "must [make] a contemporaneous objection that is ruled upon by the trial court"); *State v. Jones*, 435 S.C. 138, 144, 866 S.E.2d 558, 561 (2021) ("If an evidentiary ruling is pretrial, a contemporaneous objection must be raised during trial when the evidence is admitted, whereas a party need not renew an objection if the decision is final."); *State v. Morales*, 439 S.C. 600, 603, 607, 889 S.E.2d 551, 553, 555 (2023) (finding a defendant's pretrial objections to the admission of prior bad act evidence were not preserved for appellate review because the defendant did not contemporaneously object to the evidence during trial).

**AFFIRMED.** [1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.