**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Quinton Maurice Collins, Appellant.

Appellate Case No. 2023-000366

―――――――――――

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2026-UP-054
Submitted January 29, 2026 – Filed February 11, 2026

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Cynthia Smith Crick, of Greenville, all for Respondent.

―――――――――――

**PER CURIAM:** Quinton Maurice Collins appeals his convictions for murder and attempted armed robbery and sentences of life without parole and twenty years' imprisonment. On appeal, Collins argues the trial court erred in admitting cellular mapping evidence because the State failed to provide the evidence, which it had in its possession for several years, until shortly before trial in violation of Rule 5 of the South Carolina Rules of Criminal Procedure. We affirm pursuant to Rule 220(b), SCACR.

We hold Collins's argument is not preserved for review because although he joined his co-defendant's pretrial motion to suppress the evidence and also argued for suppression at the pretrial hearing, he failed to contemporaneously object or join his co-defendant's objection at trial when the State sought to admit the contested evidence.[1] *See State v. Jones*, 435 S.C. 138, 144, 866 S.E.2d 558, 561 (2021) ("In order for an issue to be preserved for appellate review, a party must make a 'contemporaneous objection that is ruled upon by the trial court.'" (quoting *State v. Sweet*, 374 S.C. 1, 5, 647 S.E.2d 202, 205 (2007))); *id.* ("If an evidentiary ruling is pretrial, a contemporaneous objection must be raised during trial when the evidence is admitted, whereas a party need not renew an objection if the decision is final."); *State v. Carlson*, 363 S.C. 586, 606, 611 S.E.2d 283, 293 (Ct. App. 2005) (finding an appellant's argument not preserved for review because he "did not raise an objection to the solicitor's comments and did not join in his co-defendant's objection").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and CURTIS, JJ., concur.**

---

[1] Collins and TyChristian Ladson were tried together as co-defendants.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.